**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-4268**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

ADAM MITCHUM BAILEY,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00300-LCB-1)

─────────────

Submitted:  September 26, 2019           Decided:  September 30, 2019

─────────────

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Mitchum Bailey appeals his conviction and the 24-month sentence imposed after he pled guilty pursuant to a plea agreement to possession of child pornography, in violation of 18 U.S.C. § 2552A(a)(5)(B), (b)(2) (2012). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but asking us to review the reasonableness of Bailey's sentence. Bailey has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Bailey's plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record confirms that Bailey voluntarily and knowingly waived his right to appeal his conviction and any sentence imposed below the statutory maximum. Thus, the waiver is valid and enforceable and, in accordance with the terms of his plea agreement, Bailey may not challenge his conviction or the reasonableness of his sentence on appeal.

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir.

2

1993).  In accordance with our obligations under *Anders*, we have reviewed the entire record for any unwaived, meritorious issues for appeal and have found none.

Accordingly, we grant the Government's motion to dismiss, in part, and dismiss the appeal as to Bailey's challenge to his sentence and any other waived issues.  We deny the motion, in part, as to any unwaived issues, and affirm the district court's judgment, in part.  This court requires that counsel inform Bailey, in writing, of his right to petition the Supreme Court of the United States for further review.  If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bailey.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*